IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-9    J |
| ) | |
| ROBERT PALTROW ) | |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and John J. Valkovci, Jr., Assistant United States Attorney for said district, and submits the following Information Memorandum to the Court:

### I.   THE INFORMATION

The United States Attorney filed a two-count Information against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Filing a false U.S. Individual Income Tax Return, on or about April 15, 2008. | 26 U.S.C. § 7206(1) |
| 2 | Filing a false U.S. Individual Income Tax Return, on or about April 15, 2009. | 26 U.S.C. § 7206(1) |

## II. **ELEMENTS OF THE OFFENSES**

A.  As to Counts One and Two:

In order for the crime filing a false U.S. Individual Income Tax Return, in violation of Title 26, United States Code, Section 7206(1), to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1.  That the defendant made, or caused to be made, and subscribed (signed) a U.S. Individual Income Tax Return for the year in question that was false as to a material matter.

>   United States v. Pomponio, 429 U.S. 10 (1976); United States v. Bishop, 412 U.S. 346, 350, 359 (1973); United States v. Monteiro, 871 F.2d 204, 208 (1st Cir. 1989); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Holland, 880 F.2d 1091, 1096 (9th Cir. 1989); United States v. Gurtunca, 836 F.2d 283, 287 (7th Cir. 1987); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); United States v. Oggoian, 678 F.2d 671, 673 (7th Cir. 1982).

2.  That the return contained a written declaration that it was made under the penalties of perjury.

>   United States v. Pomponio, 429 U.S. 10 (1976); United States v. Bishop, 412 U.S. 346, 350, 359 (1973); United States v. Monteiro, 871 F.2d 204, 208 (1st Cir. 1989); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Holland, 880 F.2d 1091, 1096 (9th Cir. 1989); United States v. Gurtunca, 836 F.2d 283, 287 (7th Cir. 1987); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); United States v. Oggoian, 678 F.2d 671, 673, (7th Cir. 1982).

3.  That the defendant did not believe the return to be true and correct as to the material matter charged in the Information.

2

> United States v. Pomponio, 429 U.S. 10 (1976); United States v. Bishop, 412 U.S. 346, 350, 359 (1973); United States v. Monteiro, 871 F.2d 204, 208 (1st Cir. 1989); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Holland, 880 F.2d 1091, 1096 (9th Cir. 1989); United States v. Gurtunca, 836 F.2d 283, 287 (7th Cir. 1987); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); United States v. Oggoian, 678 F.2d 671, 673, (7th Cir. 1982).

4. That the defendant made, or caused to be made, and subscribed (signed) the return willfully, with the specific intent to violate the law.

> United States v. Pomponio, 429 U.S. 10 (1976); United States v. Bishop, 412 U.S. 346, 350, 359 (1973); United States v. Monteiro, 871 F.2d 204, 208 (1st Cir. 1989); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Holland, 880 F.2d 1091, 1096 (9th Cir. 1989); United States v. Gurtunca, 836 F.2d 283, 287 (7th Cir. 1987); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); United States v. Oggoian, 678 F.2d 671, 673, (7th Cir. 1982).

### III. **PENALTIES**

A. As to each of Counts One and Two: Filing a false U.S. Individual Income Tax Return (26 U.S.C. § 7206(1)):

1. A term of imprisonment of not more than three (3) years, (26 U.S.C. § 7206);

2. A fine of $250,000, (18 U.S.C. § 3571);

or

An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless

<u>or</u>

An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process, (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than one (1) year, (18 U.S.C. § 3583(b)(3));

4. The costs of prosecution, (26 U.S.C. § 7206).

IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100 must be imposed for each Count in the Information, pursuant to 18 U.S.C. § 3013, as all offenses occurred on or after April 24, 1996.

V. **RESTITUTION**

Restitution as provided in plea agreement.

VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

_____
JOHN J. VALKOVCI, JR.
Assistant U.S. Attorney
PA ID No. 55339