IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


                            *
United States of America    *
                            *   No. CR-2014-09
         vs.                *
                            *
Robert Paltrow,             *
         Defendant          *
                            *


Pages 1 through 57          319 Washington Street
                            Courtroom A
                            Penn Traffic Building
                            Johnstown, Pennsylvania

                            Monday, April 28, 2014



BEFORE:        Kim R. Gibson, Presiding Judge


APPEARANCES:

               JOHN J. VALKOVCI, JR., Esquire
               Assistant United States Attorney
               319 Washington Street
               Room 224, Penn Traffic Building
               Johnstown, Pennsylvania, 15901
                    (For the United States)


               MARK B. SHEPPARD, Esquire
               Montgomery, McCracken, Williams & Rhoads
               123 South Broad Street
               Philadelphia, Pennsylvania, 19109
                    (For the Defendant)


               KAREN M. IBACH, Esquire
               Montgomery, McCracken, Williams & Rhoads
               123 South Broad Street
               Philadelphia, Pennsylvania, 19109
                    (For the Defendant)

1                          I N D E X

2

3                                                PAGES

4   DISCUSSION AMONG PARTIES                      3 - 56

5   CERTIFICATE                                      57

6

7

8                      E X H I B I T S

9                                   PAGE        PAGE

10  NUMBER          DESCRIPTION     IDENTIFIED RECEIVED

11  Government 1    Plea Agreement       24          33

12  Government 2    Special Agent Report 51          52

13

14

15

16

17

18

19

20

21

22

23

24

25

1          P R O C E E D I N G S

2               DEPUTY CLERK GORGONE:  All rise.  Court

3     is in session.

4               JUDGE GIBSON:  Please be seated.

5     Before we move to the waiver and plea, I believe there

6     are some attorneys to be admitted; is that correct?

7               ATTORNEY VALKOVCI:  Your Honor, yes.

8     If I may?

9               JUDGE GIBSON:  Yes.

10              ATTORNEY VALKOVCI:  Thank you, Your

11    Honor.  Your Honor, this case began, when I say this

12    case it's United States of America versus Robert

13    Paltrow, about a year ago.  That's when I first met

14    Karen Ibach and Mark Sheppard.  And as the case

15    progressed and I developed a working relationship with

16    them, we came to this point with the resolution of the

17    case.  And then Mark asked me if I would be kind enough

18    to move for his admission and for Ms. Ibach's admission

19    to practice in the Western District of Pennsylvania.

20              Your Honor, I was flattered and

21    honored, and I would like to make that motion at this

22    point in time.  Mark, no offense, but I'm going to go

23    ladies first.

24              ATTORNEY SHEPPARD:  Absolutely.

25              ATTORNEY VALKOVCI:  Your Honor, I'd

1 like to move for the admission of Karen M. Ibach.  Ms.

2 Ibach is a partner at Montgomery, McCracken, Walker,

3 and Rhoads in Philadelphia.  She is licensed to

4 practice in the Commonwealth of Pennsylvania, and her

5 number is 90579.  Ms. Ibach is admitted to practice in

6 not only Pennsylvania but also in New Jersey and New

7 York.  She is a graduate of Temple University School of

8 Law.  She's also admitted to practice in the United

9 States District Court for the Eastern District of

10 Pennsylvania, the Middle District of Pennsylvania.  So

11 with today's proceeding, Your Honor, and your

12 graciousness, we can hit the trifecta and she can be

13 licensed to practice in every federal district as well

14 as within the Third Circuit Court of Appeals.

15 　　　　　　　　She is involved in many community

16 activities as well as professional activities, Your

17 Honor.  And also quite distinguished, she has been a

18 Pennsylvania Super Lawyer in the area of white collar

19 crime in 2013, and she's also a rising star in the area

20 of white collar criminal defense for the years 2010

21 through 2012.  And so, Your Honor, it gives me immense

22 pleasure at this point in time to move for the

23 admission into the Western District of Pennsylvania

24 Karen M. Ibach.

25 　　　　　　　　JUDGE GIBSON:  Attorney Ibach, if you

1  would stand and raise your right hand, please, and

2  repeat after me, I, and repeat your name.

3                    ATTORNEY IBACH:  I, Karen M. Ibach.

4                    JUDGE GIBSON:  Do solemnly swear.

5                    ATTORNEY IBACH:  Do solemnly swear.

6                    JUDGE GIBSON:  That as an attorney.

7                    ATTORNEY IBACH:  That as an attorney.

8                    JUDGE GIBSON:  And as a Counselor of

9  this Court.

10                   ATTORNEY IBACH:  And as a Counselor of

11 this Court.

12                   JUDGE GIBSON:  I will conduct myself

13 uprightly.

14                   ATTORNEY IBACH:  I will conduct myself

15 uprightly.

16                   JUDGE GIBSON:  And in accordance with

17 law.

18                   ATTORNEY IBACH:  And in accordance with

19 law.

20                   JUDGE GIBSON:  And I will support the

21 Constitution of the United States.

22                   ATTORNEY IBACH:  And I will support the

23 Constitution of the United States.

24                   JUDGE GIBSON:  Congratulations.

25                   ATTORNEY IBACH:  Thank you very much,

1  Your Honor.

2          JUDGE GIBSON:  As long as you complete

3  the paperwork in the Clerk of Courts Office and sign

4  those two cards, and please, turn those two cards into

5  Ms. Gorgone, my Deputy Clerk, one will stay here and

6  one will go to Pittsburgh.

7          All right.  Mr. Valkovci, you may

8  proceed with the next admission motion.

9          ATTORNEY VALKOVCI:  Thank you, Your

10 Honor.  Your Honor, at this time I would like to move

11 for the admission of Mark B. Sheppard.  Mr. Sheppard is

12 also a partner at Montgomery, McCracken, Walker, and

13 Rhoads, a large law firm in Philadelphia.  Somewhat

14 near and dear to the Court's own heart is that Mr.

15 Sheppard is a graduate of the Dickinson School of Law.

16 He is also admitted to practice in the State of New

17 York and like Ms. Ibach is licensed to practice and

18 admitted to practice in the Middle District of

19 Pennsylvania as well as the Eastern District of

20 Pennsylvania.  He's also admitted to practice before

21 the Federal Circuit Court of Appeals as well as the

22 Third Circuit Court of Appeals.

23          Mr. Sheppard, I worked on with this

24 case.  I've had numerous conversations, Your Honor,

25 exchanging emails, meetings back and forth.  I've

1  always found him to be the consummate professional,

2  extremely competent.  In fact, competent would probably

3  be an understatement, very knowledgeable in the area of

4  white collar crime, very impressive individual, and

5  very trustworthy individual to work with.

6           He is involved in his community.  He's

7  involved in a number of professional associations as

8  well, Your Honor, including the National Association of

9  Criminal Defense Lawyers and others.  And perhaps very

10  impressively as well, Your Honor, he has been

11  recognized as a Pennsylvania Super Lawyer for the years

12  1993 through 2013.  So it gives me immense honor, and

13  it is a distinct privilege for me, Your Honor, at this

14  point in time to move for the admission of Mark B.

15  Sheppard to practice in the Western District of

16  Pennsylvania.

17           JUDGE GIBSON:  Thank you, Mr. Valkovci.

18  Mr. Sheppard, if you would stand, please, and raise

19  your right hand and repeat after me, I, and repeat your

20  name?

21           ATTORNEY SHEPPARD:  I, Mark Sheppard.

22           JUDGE GIBSON:  Do solemnly swear.

23           ATTORNEY SHEPPARD:  Do solemnly swear.

24           JUDGE GIBSON:  That as an attorney.

25           ATTORNEY SHEPPARD:  That as an

1  attorney.

2  JUDGE GIBSON:  And as a Counselor of

3  this Court.

4  ATTORNEY SHEPPARD:  And as a Counselor

5  of this Court.

6  JUDGE GIBSON:  I will conduct myself

7  uprightly.

8  ATTORNEY SHEPPARD:  I will conduct

9  myself uprightly.

10  JUDGE GIBSON:  And in accordance with

11  law.

12  ATTORNEY SHEPPARD:  And in accordance

13  with law.

14  JUDGE GIBSON:  And I will support the

15  Constitution of the United States.

16  ATTORNEY SHEPPARD:  And I will support

17  the Constitution of the United States.

18  JUDGE GIBSON:  Congratulations.

19  ATTORNEY SHEPPARD:  Thank you, Your

20  Honor.

21  JUDGE GIBSON:  If you'll fill out the

22  two cards, sign them, and make sure that Ms. Gorgone

23  receives those and make sure all the paperwork is

24  completed at the Clerk of Courts and you will be duly

25  admitted.  You are duly admitted in the Western

1  District.

2        ATTORNEY SHEPPARD:  Thank you, Your

3  Honor.  I appreciate it, Your Honor.

4        JUDGE GIBSON:  And that would apply to

5  here, Pittsburgh, and Erie.

6        ATTORNEY SHEPPARD:  Thank you, Your

7  Honor.  And I also want to thank the Court, Mr.

8  Valkovci, and all the staff in the Clerks Office and in

9  Your Honor's chambers who were so helpful with us

10  getting this together at the end of last week.

11        JUDGE GIBSON:  Well, I'm always happy

12  to hear that, and they know that's what they're

13  supposed to do, so I'm always sure that they are doing

14  that.

15        All right.  That completes the motions

16  for admission of attorneys.  And we are now ready to

17  turn to the case of United States versus Robert

18  Paltrow, Criminal No. 14-09.  And we are going to have

19  initial appearance, arraignment, waiver of indictment,

20  waiver of jury trial, and plea hearing in this case.

21  And before we proceed any further, if Counsel would

22  enter their appearance, please?

23        ATTORNEY VALKOVCI:  Good morning, Your

24  Honor.  John Valkovci on behalf of the United States.

25  With me at counsel table is Internal Revenue Service

1  Criminal Investigations Special Agent Philip O'Connor

2  and to his immediate left is Internal Revenue Service

3  Revenue Agent Pebble Bulvin-Albertelli.

4       ATTORNEY SHEPPARD:  Good morning, Your

5  Honor, Mark Sheppard on behalf of Mr. Paltrow and with

6  me this morning is my partner, Karen Ibach.

7       JUDGE GIBSON:  All right.  Attorney

8  Sheppard, if you and the Defendant would go to the

9  lectern, please.  And Ms. Gorgone, if you would please

10  administer the oath to Mr. Paltrow.

11  Whereupon,

12                    ROBERT PALTROW

13  having been first duly sworn, testified as follows:

14       JUDGE GIBSON:  Mr. Paltrow, do you

15  understand that you are now under oath and if you

16  answer any of my questions falsely, your answers may

17  later be used against you in another prosecution for

18  perjury or making false statement?

19       MR. PALTROW:  I do.

20       JUDGE GIBSON:  It is my understanding

21  that you wish to waive indictment, waive jury trial,

22  and enter a plea of guilty as to Counts 1 and 2 of the

23  information filed at Criminal No. 14-09 pursuant to

24  Rule 11 of the Federal Rules of Criminal Procedure; is

25  that correct?

1          MR. PALTROW:  Yes, Your Honor.

2          JUDGE GIBSON:  Mr. Sheppard, is that

3  correct?

4          ATTORNEY SHEPPARD:  It is, Your Honor.

5          JUDGE GIBSON:  Before accepting your

6  waiver of indictment and waiver of jury trial and

7  permitting you to enter your plea, there are a great

8  number of questions that I am required to ask you in

9  order to assure that it is a valid waiver of

10 indictment, waiver of jury trial, and entry of plea.

11 If at any time you do not understand any of the

12 questions or if at any time you wish to consult with

13 your attorney, please advise me of that and I will

14 either rephrase the question or I will permit you to

15 consult with Mr. Sheppard; do you understand that?

16         MR. PALTROW:  Yes, Your Honor.

17         JUDGE GIBSON:  What is your full name?

18         MR. PALTROW:  Robert W. Paltrow.

19         JUDGE GIBSON:  And how old are you?

20         MR. PALTROW:  Seventy-two (72).

21         JUDGE GIBSON:  How far did you go in

22 school?

23         MR. PALTROW:  Completed four years at

24 the University of Cornell, graduated with a Bachelor of

25 Arts.

1          JUDGE GIBSON:  Are you able to speak,

2 read, and understand English?

3          MR. PALTROW:  Yes, sir.

4          JUDGE GIBSON:  Are you a citizen of the

5 United States?

6          MR. PALTROW:  Yes, sir.

7          JUDGE GIBSON:  The Court notes that you

8 are represented by Counsel and that Counsel is Attorney

9 Sheppard; is that correct?

10          MR. PALTROW:  Yes, sir.

11          JUDGE GIBSON:  You do have a right to

12 retain legal counsel, which is what you did in this

13 case or to have legal counsel appointed for you if you

14 are unable to afford counsel.  Am I correct that

15 Attorney Sheppard has been retained rather than

16 appointed?

17          MR. PALTROW:  Yes, Your Honor.

18          JUDGE GIBSON:  Have you had a full and

19 reasonable opportunity to consult with your attorney?

20          MR. PALTROW:  Yes, Your Honor.

21          JUDGE GIBSON:  Have you been able to

22 communicate with your attorney without any problem?

23          MR. PALTROW:  Yes.

24          JUDGE GIBSON:  Attorney Sheppard, have

25 you been able to communicate with the Defendant without

1  any problem?

2           ATTORNEY SHEPPARD:  I have, Your Honor.

3           JUDGE GIBSON:  Mr. Paltrow, limiting

4  yourself to the last three years, can you tell me

5  whether you have any employment background during that

6  period?

7           MR. PALTROW:  In the last three years,

8  yes, I have.

9           JUDGE GIBSON:  Can you tell me what

10  that is, sir?

11           MR. PALTROW:  Yes, I was an Officer and

12  a Director at North American Communications.

13           JUDGE GIBSON:  And what officer were

14  you?

15           MR. PALTROW:  I was the Vice President.

16           JUDGE GIBSON:  Have you taken any

17  illegal drugs or have you consumed any alcoholic

18  beverage in the past 24 hours?

19           MR. PALTROW:  Yes, Your Honor.

20           JUDGE GIBSON:  Can you tell me which of

21  those and when?

22           MR. PALTROW:  Last night I had wine

23  with dinner, Your Honor.

24           JUDGE GIBSON:  And how many glasses of

25  wine did you have?

1          MR. PALTROW:  Two.

2          JUDGE GIBSON:  And you had nothing this

3 morning?

4          MR. PALTROW:  No, sir.

5          JUDGE GIBSON:  Okay.  Mr. Sheppard, I'm

6 sure you spoke with the Defendant prior to court.  Did

7 he appear to be oriented and understanding?

8          ATTORNEY SHEPPARD:  Yes, Your Honor, he

9 has.

10          JUDGE GIBSON:  All right.  Mr. Paltrow,

11 have you taken any prescription medications, medicine,

12 or pills in the past 24 hours?

13          MR. PALTROW:  No, sir.

14          JUDGE GIBSON:  Are you now or have you

15 recently been under the care of a physician or a

16 psychiatrist?

17          MR. PALTROW:  No, sir.

18          JUDGE GIBSON:  Are you currently

19 suffering from any illness?

20          MR. PALTROW:  No, sir.

21          JUDGE GIBSON:  Are you now or have you

22 recently been hospitalized or treated for any mental

23 illness or addiction to narcotics of any kind?

24          MR. PALTROW:  No, sir.

25          JUDGE GIBSON:  Do you understand the

1  purpose of today's proceeding?

2                    MR. PALTROW:  Yes, sir.

3                    JUDGE GIBSON:  Does either Counsel have

4  any doubt about the competence of Mr. Paltrow to waive

5  indictment, waive his right to jury trial, and enter a

6  plea of guilty today?

7                    ATTORNEY SHEPPARD:  I do not, Your

8  Honor.

9                    ATTORNEY VALKOVCI:  No, Your Honor.

10                    JUDGE GIBSON:  Court also finds Mr.

11 Paltrow to be competent to waive indictment, waive his

12 right to jury trial, and enter his plea today.  We will

13 now move to the waiver of indictment portion of this

14 proceeding.

15                    It is the Court's understanding that as

16 part of the plea agreement you have agreed to waive

17 indictment as to the charges at Criminal No. 14-09; is

18 that correct, sir?

19                    MR. PALTROW:  Yes, Your Honor.

20                    JUDGE GIBSON:  I will now read to you

21 the counts contained in the information and if you have

22 a copy of that there you can follow along with me as I

23 read.  Count 1 reads as follows.  On or about April 15,

24 2008 in the Western District of Pennsylvania and

25 elsewhere, the Defendant, Robert Paltrow, did willfully

1 make and attempt to make and subscribe and cause to be

2 subscribed a United States Individual Income Tax Return

3 Form 1040 for calendar year 2007, which Form 1040 was

4 verified by a written declaration that it was being

5 made under penalty of perjury and was filed

6 electronically with the Internal Revenue Service, which

7 Form 1040 the Defendant, Robert Paltrow, did not

8 believe to be true and correct as to every material

9 matter in that he stated on said Form 1040 that his

10 taxable income for calendar year 2007 was the sum of

11 $101,401 and that the amount of tax due and owing

12 thereon was the sum of $45,114 whereas Defendant,

13 Robert Paltrow, then and there well knew and believed

14 his taxable income for calendar year 2007 was the sum

15 of $3,104,943 upon which said taxable income there was

16 due and owing to the United States of America an income

17 tax of $481,623 in violation of Title 26 U.S.C. Section

18 7206(1).  Do you understand that charge?

19          MR. PALTROW:  Yes, sir.

20          JUDGE GIBSON:  Count 2 reads as

21 follows.  On or about April 15, 2009 in the Western

22 District of Pennsylvania and elsewhere, the Defendant,

23 Robert Paltrow, did willfully make and attempt to make

24 and subscribe and cause to be subscribed a United

25 States Individual Income Tax Return Form 1040 for

calendar year 2008, which Form 1040 was verified by a
written declaration that it was being made under
penalty of perjury and was filed electronically with
the Internal Revenue Service, which Form 1040 the
Defendant, Robert Paltrow, did not believe to be true
and correct as to every material matter in that he
stated on said Form 1040 that his taxable income for
calendar year 2008 was the sum of $94,137 and the
amount of tax due and owing thereon was the sum of
$44,926, whereas the Defendant, Robert Paltrow, then
and there well knew and believed his taxable income for
calendar year 2008 was the sum of $1,878,142 upon which
said taxable income there was due and owing to the
United States of America income tax of $317,346 in
violation of Title 26 U.S.C. Section 7206(1).  Do you
understand that charge?

           MR. PALTROW:  Yes, Your Honor.

           JUDGE GIBSON:  Did you discuss both of
those charges with your attorney?

           MR. PALTROW:  Yes, Your Honor.

           JUDGE GIBSON:  Mr. Paltrow, you have a
Constitutional right to be charged by an indictment of
a Grand Jury, but you can waive that right and consent
to being charged by information of the United States
Attorney.  Instead of an indictment, these felony

charges against you have been brought by the United

States Attorney through the filing of an information.

Unless you waive indictment, you may not be charged

with a felony unless a Grand Jury finds by return of an

indictment there is probable cause to believe that a

crime has been committed and that you committed it.  If

you do not waive indictment, the Government may present

this case to the Grand Jury and ask it to indict you.

A Grand Jury is composed of at least 16 and not more

than 23 persons, and at least 12 Grand Jurors must find

that there is probable cause to believe that you

committed the crime with which you are charged before

you may be indicted.  The Grand Jury might or might not

indict you.

　　　　　　If you waive indictment by the Grand

Jury, the case will proceed against you on the United

States Attorney's information just as though you had

been indicted.  Have you discussed waiving your right

to indictment by the Grand Jury with your attorney?

　　　　　　MR. PALTROW:  Yes, Your Honor.

　　　　　　JUDGE GIBSON:  Do you understand your

right to indictment by a Grand Jury?

　　　　　　MR. PALTROW:  Yes, Your Honor.

　　　　　　JUDGE GIBSON:  Have any threats or

promises been made to induce or persuade you to waive

1 indictment?

2                 MR. PALTROW:  No, Your Honor.

3                 JUDGE GIBSON:  Do you wish to waive

4 your right to indictment by Grand Jury?

5                 MR. PALTROW:  Yes, Your Honor.

6                 JUDGE GIBSON:  Attorney Sheppard, is

7 there any reason why Defendant should not waive

8 indictment?

9                 ATTORNEY SHEPPARD:  No, Your Honor.

10                 JUDGE GIBSON:  Mr. Paltrow, do you

11 hereby waive your right to indictment by a Grand Jury

12 as to the charges filed at Criminal No. 14-09?

13                 MR. PALTROW:  Yes, Your Honor.

14                 JUDGE GIBSON:  Ms. Gorgone, if you

15 would provide to the Defendant and his Counsel the

16 Waiver of Indictment Form?

17                 ATTORNEY SHEPPARD:  May I approach,

18 Your Honor?

19                 JUDGE GIBSON:  Yes.  The Waiver of

20 Indictment Form has been signed by Defendant and by his

21 Counsel, and the Court finds that the waiver is

22 knowingly and voluntarily made, and it is accepted by

23 the Court.  And that acceptance will be evidenced by my

24 signature on the waiver of indictment form.

25                 We will now proceed to the arraignment

1   and entry of plea portion of the proceeding.  Mr.

2   Paltrow, the United States Attorney for the Western

3   District of Pennsylvania filed an information against

4   you for the following counts.  Count 1, filing a false

5   United States Individual Income Tax Return on or about

6   April 15, 2008 in violation of 26 U.S.C. Section

7   7206(1).  Count 2, filing a false United States

8   Individual Incomes Tax Return on or about April 15,

9   2009 in violation of 26 U.S.C. Section 7206(1).

10                      Prior to appearing today, Mr. Paltrow,

11  were you provided with a copy of the information?

12                      MR. PALTROW:  Yes, Your Honor.

13                      JUDGE GIBSON:  Did you read the

14  information?

15                      MR. PALTROW:  Yes, Your Honor.

16                      JUDGE GIBSON:  Do you understand that

17  you do have a right to enter a plea of not guilty to

18  the crimes charged in the information and have a jury

19  try you on those charges?

20                      MR. PALTROW:  Yes, sir.

21                      JUDGE GIBSON:  Is it your intent to

22  enter a plea of guilty to Counts 1 and 2 of the

23  information?

24                      MR. PALTROW:  Yes, Your Honor.

25                      JUDGE GIBSON:  Have you fully discussed

1  with Mr. Sheppard the charges in Counts 1 and 2 of the

2  information to which you intend to enter a guilty plea?

3            MR. PALTROW:  Yes, Your Honor.

4            JUDGE GIBSON:  Are you satisfied with

5  the Counsel representation and advice provided to you

6  in this case by your attorney, Mr. Sheppard, and by

7  others in his firm that you may have spoken with?

8            MR. PALTROW:  Yes, I am, Your Honor.

9            JUDGE GIBSON:  Attorney Sheppard, have

10 you had a full and complete opportunity to discuss the

11 information and the charges at Counts 1 and 2 with Mr.

12 Paltrow?

13            ATTORNEY SHEPPARD:  I have, Your Honor.

14            JUDGE GIBSON:  Did the Defendant have

15 questions for you regarding Counts 1 and 2?

16            ATTORNEY SHEPPARD:  He did, Your Honor.

17            JUDGE GIBSON:  Were you able to answer

18 his questions so that he understood the charges

19 included in the information?

20            ATTORNEY SHEPPARD:  Yes, Your Honor.

21            JUDGE GIBSON:  Mr. Paltrow, at this

22 time, I could read the information to you, although I

23 note that prior to this that in this proceeding I read

24 to you Counts 1 and 2.  Do you wish for the Court to

25 read those counts to you again at this time, or do you

1 waive that reading?

2    MR. PALTROW:  No thank you, Your Honor.

3    JUDGE GIBSON:  You'll waive the

4 reading?

5    MR. PALTROW:  Yes, sir.

6    JUDGE GIBSON:  And Mr. Sheppard, do you

7 agree with that?

8    ATTORNEY SHEPPARD:  I do, Your Honor.

9 (BRIEF INTERRUPTION)

10    JUDGE GIBSON:  Give me just one moment.

11    ATTORNEY SHEPPARD:  Is it us or ---?

12    JUDGE GIBSON:  I'm not sure.  Mr.

13 Valkovci, you probably know more about that than the

14 visiting Counsel.  See if there's some reason for that

15 buzzing that's going on.

16    ATTORNEY VALKOVCI:  I'm just going to

17 turn it off, Your Honor, and then turn it back on, but

18 I think it's fine.  Maybe that was just a little too

19 close.

20    JUDGE GIBSON:  Is the volume turned up

21 too much?

22    ATTORNEY VALKOVCI:  I just want to make

23 sure it was this microphone, Your Honor, and that's why

24 I wanted to turn it off to see if we're still getting

25 feedback of some kind.

1          JUDGE GIBSON:  I turned down the volume
2    a little bit.  Perhaps that will help.
3          ATTORNEY VALKOVCI:  I turned it down
4    here as well, Your Honor, on the podium.
5          JUDGE GIBSON:  All right.  Thank you.
6          ATTORNEY SHEPPARD:  And we'll speak up,
7    Your Honor.
8          JUDGE GIBSON:  Well, that was affecting
9    the ability to hear what was being said, and I'm sure
10   it was difficult for the court reporter to take down
11   what was being said.  So I don't hear it at this time.
12   Perhaps that fixed it.
13         ATTORNEY SHEPPARD:  Thank you, Your
14   Honor.
15         JUDGE GIBSON:  All right.  Do you have
16   any questions about the charges, Mr. Paltrow?
17         MR. PALTROW:  No, sir.
18         JUDGE GIBSON:  And did you discuss them
19   completely with Mr. Sheppard?
20         MR. PALTROW:  Yes, I did.
21         JUDGE GIBSON:  And was he able to
22   answer any questions that you had?
23         MR. PALTROW:  Yes, sir.
24         JUDGE GIBSON:  All right.  It is the
25   understanding of the Court that there is a plea

agreement in this case, and in fact, the Court has been
provided with a document marked as Government Exhibit 1
purporting to be that plea agreement.

（Whereupon, the document was marked as
Government Exhibit No. 1 for identification.)

JUDGE GIBSON:  Do both Counsel agree
that there is a plea agreement in this case?

ATTORNEY VALKOVCI:  Yes, Your Honor.

ATTORNEY SHEPPARD:  Yes, Your Honor.

JUDGE GIBSON:  Mr. Paltrow, did you
have the opportunity to read and discuss the plea
agreement with your attorney before you signed it?

MR. PALTROW:  Yes, Your Honor.

JUDGE GIBSON:  Does the plea agreement
represent in its entirety any understanding you have
with the United States?

MR. PALTROW:  It does, Your Honor.

JUDGE GIBSON:  Do you understand the
terms of the plea agreement?

MR. PALTROW:  Yes, I do, Your Honor.

JUDGE GIBSON:  Has anyone made any
other promises or assurances of any kind to you in an
effort to induce or persuade you to plead guilty in
this case?

MR. PALTROW:  No, Your Honor.

1          JUDGE GIBSON:  Attorney Valkovci, would
2    you briefly describe to the Court the terms of the plea
3    agreement?

4          ATTORNEY VALKOVCI:  Yes, Your Honor.
5    Under the terms of the agreement, Mr. Paltrow will
6    waive prosecution by indictment, enter a plea of guilty
7    to the two-count criminal information that's already
8    been presented to him by the Court.  He further agrees
9    to waive venue so that prosecution of these offenses
10   could be done in the Western District of Pennsylvania.
11   Mr. Paltrow agrees to participate in the Inmate
12   Financial Responsibility Program if he is sentenced to
13   a term of incarceration.  He also agrees to pay to the
14   Court the $200 mandatory special assessment.

15          Mr. Paltrow does not object to the
16   filing of an ex parte motion by the United States
17   seeking an order from this Court to determine that pre-
18   existing records and documents created independent of
19   the Grand Jury's inquiry would not constitute Grand
20   Jury material under Rule 6(e) of the Federal Rules of
21   Criminal Procedure.  Mr. Paltrow does not object to the
22   introduction into evidence of the Special Agent's
23   report and all exhibits prepared by the Internal
24   Revenue Service Criminal Investigation Division in this
25   matter.  He agrees and stipulates to the release of the

1 Special Agent's report and all exhibits to the

2 Examination Division of the Internal Revenue Service

3 and understands that the information contained in the

4 Special Agent's report and all exhibits will be used in

5 the determination of any civil liability he may have to

6 the Internal Revenue Service.

7         Mr. Paltrow also agrees to pay

8 restitution to the Internal Revenue Service.  The total

9 amount for restitution results from his fraudulent

10 conduct and consists of $798,969, which reflects the

11 amount of outstanding tax due.  There will be an

12 additional amount to reflect accrued interest.  Mr.

13 Paltrow agrees to pay restitution as ordered by the

14 Court and any restitution entered pursuant to this plea

15 agreement.  He understands that if the Court orders him

16 to pay restitution to the IRS, the IRS will use the

17 restitution order as a basis for civil assessment.  And

18 Mr. Paltrow agrees that he does not have the right to

19 challenge the amount of this assessment.

20         Further, Your Honor, neither the

21 existence of a restitution payment schedule nor Mr.

22 Paltrow's timely payment of restitution according to

23 that schedule will preclude the IRS from administrative

24 collection of the restitution-based assessment

25 including levy and distraint under Section 6331 of

1 Title 26 for any remaining unpaid tax, interest, or
2 penalty as determined herein.  Naturally, Your Honor,
3 Mr. Paltrow will receive proper credit from the
4 Internal Revenue Service for all payments made pursuant
5 to this agreement as set forth in the previous
6 sentence.  Nothing in this agreement shall limit the
7 Internal Revenue Service in its lawful examination,
8 determine, assessment, or collection of any taxes,
9 penalties, or interest due from Mr. Paltrow for the
10 time periods covered by this agreement.

11                 He further agrees to sign a Revenue
12 Agent Report for tax years 2007 and 2008 with penalties
13 and interest to be computed after assessment of the
14 taxes made by the Internal Revenue Service.  The
15 Revenue Agent Reports shall conclusively determine the
16 amount of tax, interest, and penalty due for tax years
17 2007 and 2008.  Mr. Paltrow further agrees that neither
18 this agreement nor any judgment, order, release, or
19 satisfaction issued in connection with this agreement
20 will satisfy, settle, or compromise his obligation to
21 pay the balance of any remaining civil liabilities
22 including tax, additional tax, additions to tax,
23 interest and penalties owed to the IRS for the time
24 periods covered by this agreement.

25                 In addition, Your Honor, Mr. Paltrow

agrees to waive his right to take a direct appeal from his conviction or sentence subject to two exceptions. He may take such an appeal if the United States first appeals, and he may take such an appeal if the sentence imposed by this Court exceeds the statutory limits set forth in the United States Code or if it unreasonably exceeds the sentencing guideline range ultimately determined by this court. Pursuant to the agreement, the United States has retained the right of allocution and will retain the right of allocution at the time of sentencing. The United States agrees to recommend a three-level downward adjustment to reflect Mr. Paltrow's acceptance of responsibility.

Further, Your Honor, the parties agree that the term of imprisonment that may be imposed upon Mr. Paltrow is six years. The maximum fine would be $500,000 or twice the gross pecuniary gain, whichever is greater; a term of supervised release of one year; the cost of prosecution; the special assessment I alluded to earlier in restitution. This is the aggregate penalty, Your Honor, not per count. The parties also stipulate that the tax loss for purposes of Section 2T1.1 and 2T4.1 of the sentencing guidelines would be $798,969, and that this amount of tax loss yields a base offense level of 20.

1           The parties further stipulate that the

2    base offense level should be raised by a total of two

3    levels under section 2T1.1(b)(2) to reflect

4    sophisticated means.  Your Honor, I would add that the

5    United States is not aware of any other factor or

6    factors that would result in an increase or any further

7    increase in Mr. Paltrow's offense level.  That in sum,

8    Your Honor, are the most relevant portions of the plea

9    agreement.

10           JUDGE GIBSON:  Would both Counsel

11   approach for side bar, please?

12   (SIDE BAR BEGINS)

13           JUDGE GIBSON:  I don't believe there's

14   any assistance or cooperation language?

15           ATTORNEY VALKOVCI:  There is none, Your

16   Honor.

17           JUDGE GIBSON:  Do you agree?

18           ATTORNEY SHEPPARD:  Yes, Your Honor.

19           JUDGE GIBSON:  With regard to the

20   detention issues at the end, anything I should know

21   about that?

22           ATTORNEY VALKOVCI:  It will be

23   identical to Mr. Herman, Your Honor.  In other words,

24   there's no evidence of a risk of flight or danger.

25   We're going to ask the Court to impose an unsecured

1  bond in the amount of $50,000.  I'm not aware of any
2  travel issues with Mr. Paltrow, but if there are we can
3  address them at that time.
4              JUDGE GIBSON:  Okay.  Thank you.
5              ATTORNEY VALKOVCI:  Thank you, Your
6  Honor.
7              ATTORNEY SHEPPARD:  Thank you, Your
8  Honor.
9  (SIDE BAR ENDS)
10             JUDGE GIBSON:  Attorney Sheppard, do
11 you agree with Attorney Valkovci's rendition of the
12 contents of the plea agreement?
13             ATTORNEY SHEPPARD:  Yes, Your Honor.  I
14 do.
15             JUDGE GIBSON:  The Court recognizes
16 that part of this plea agreement is to be classified
17 under Federal Rule of Criminal Procedure 11(c)(1)(B) in
18 that the Government agrees to recommend a two-level
19 downward adjustment for acceptance of responsibility,
20 and pursuant to Guideline Section 3E1.1(b) to move for
21 an additional one-level downward adjustment.
22             The plea agreement also sets out that
23 the maximum penalty that may be imposed is as follows.
24 A term of imprisonment of not more than six years; a
25 fine of $500,000 or twice the gross pecuniary gain,

1 whichever is greater; a term of supervised release of

2 one year; costs of prosecution; special assessment of

3 $200; and restitution.

4          The parties stipulate that the tax loss

5 for purposes of Guidelines Sections 2T1.1 and 2T4.1 is

6 $798,969, and that this amount of tax loss yields a

7 base offense level of 20.  The parties further

8 stipulate that the base offense level should be raised

9 by a total of two levels pursuant to Section

10 2T1.1(b)(2) of the sentencing guidelines.  With respect

11 to restitution, Defendant agrees to pay restitution to

12 the Internal Revenue Service pursuant to 18 U.S.C.

13 Section 3663(a)(3).  The Defendant agrees that the

14 total amount of restitution results from Defendant's

15 fraudulent conduct and consists of $798,969, which

16 reflects the amount of outstanding tax due plus an

17 additional amount to reflect accrued interest.

18          Mr. Paltrow, do you understand that

19 under the terms of this plea agreement, you are

20 agreeing to enter a plea of guilty to Counts 1 and 2 of

21 the information at Criminal No. 14-09?

22          MR. PALTROW:  Yes, I do, Your Honor.

23          JUDGE GIBSON:  Do you understand that

24 you are waiving your right to take a direct appeal from

25 your conviction or sentence under 28 U.S.C. Section

1 1291 or 18 U.S.C. Section 3742 subject to the following

2 exceptions.  First, that if the United States appeals

3 from your sentence you may take a direct appeal from

4 your sentence; and second, you may also take a direct

5 appeal of your sentence based on the following two

6 grounds.  One, the sentence exceeds the applicable

7 statutory limits set forth in the United States Code,

8 or two, the sentence unreasonably exceeds the guideline

9 range determined by the Court under the sentencing

10 guidelines?

11            MR. PALTROW:  Yes, I do, Your Honor.

12            JUDGE GIBSON:  Do you understand the

13 other provisions in the plea agreement that the Court

14 has not specifically addressed today?

15            MR. PALTROW:  Yes, sir.

16            JUDGE GIBSON:  Do you have any

17 questions regarding what is required of you under the

18 terms of the plea agreement?

19            MR. PALTROW:  No, I don't, Your Honor.

20            JUDGE GIBSON:  Do you understand that

21 you do have the right to plead not guilty to all

22 charges and to continue in that plea?

23            MR. PALTROW:  Yes, sir.

24            JUDGE GIBSON:  Mr. Valkovci, other than

25 the plea agreement that has been presented and accepted

1  today, did the Government tender to Counsel for

2  Defendant any other formal plea agreement offers?

3           ATTORNEY VALKOVCI:  No, Your Honor.

4  There was no formal plea agreement offer tendered to

5  Mr. Sheppard and Mr. Paltrow.  This plea agreement

6  before the Court is a culmination of a lengthy series

7  of negotiations, but this is the only version of the

8  plea agreement that was provided, Your Honor.

9           JUDGE GIBSON:  Mr. Sheppard, did you

10 receive any formal plea agreement offer from the

11 Government that you did not communicate to the

12 Defendant?

13          ATTORNEY SHEPPARD:  No, sir.

14          JUDGE GIBSON:  At this time, the Court

15 accepts the plea agreement, which has been tendered as

16 Government Exhibit 1.

17          (Whereupon, the document marked as

18 Government Exhibit No. 1 was received in evidence.)

19          JUDGE GIBSON:  Mr. Paltrow, at this

20 time, do you wish to plead guilty to Counts 1 and 2 of

21 the information?

22          MR. PALTROW:  Yes, Your Honor.

23          JUDGE GIBSON:  Do you understand that

24 you do have the right to plead not guilty to those

25 charges?

1      MR. PALTROW: Yes, Your Honor.

2      JUDGE GIBSON: Do you understand that

3 you would have the right to be assisted by an attorney

4 at the trial of the charges?

5      MR. PALTROW: Yes, I do.

6      JUDGE GIBSON: Do you understand that

7 if you qualify financially you are entitled to be

8 assisted by an attorney at no cost to you at all phases

9 of the processing of the charges against you?

10      MR. PALTROW: Yes, Your Honor.

11      JUDGE GIBSON: The Court notes at this

12 time as noted previously that you have retained legal

13 Counsel, and that is Mr. Sheppard; is that correct?

14      MR. PALTROW: Yes, Your Honor.

15      JUDGE GIBSON: Do you understand that

16 under the Constitution and the laws of the United

17 States you are entitled to a speedy trial by judge and

18 jury of the charges contained in the information?

19      MR. PALTROW: Yes, Your Honor.

20      JUDGE GIBSON: Do you understand that

21 at the trial you would be presumed to be innocent?

22      MR. PALTROW: Yes, I do, Your Honor.

23      JUDGE GIBSON: Do you further

24 understand that at the trial the Government would be

25 required to prove your guilt by competent evidence and

1  beyond a reasonable doubt before you could be found

2  guilty?

3          MR. PALTROW:  Yes, I do, Your Honor.

4          JUDGE GIBSON:  Do you understand that

5  at the trial you would not have to prove that you are

6  innocent?

7          MR. PALTROW:  I do, Your Honor.

8          JUDGE GIBSON:  Have you discussed with

9  your attorney your right to a jury trial?

10          MR. PALTROW:  Yes, I have.

11          JUDGE GIBSON:  Do you understand that

12  you are entitled to a trial by jury in the charges

13  filed against you and that at the trial a jury

14  consisting of 12 people must all agree in order to find

15  you guilty on these charges?

16          MR. PALTROW:  Yes, I do, Your Honor.

17          JUDGE GIBSON:  Do you understand that

18  you would have the right to participate in the

19  selection of the jury and that you would have the right

20  to strike or eliminate any prospective juror if it was

21  demonstrated that juror was unable to render a fair and

22  impartial verdict, and you would have the right to

23  strike a total of 10 jurors without assigning any

24  reason at all?

25          MR. PALTROW:  Yes, Your Honor.

1          JUDGE GIBSON:  Do you understand that

2  in the course of the trial, the witnesses for the

3  government would have to come to court and testify in

4  your presence?

5          MR. PALTROW:  Yes, Your Honor.

6          JUDGE GIBSON:  Do you understand that

7  in the course of the trial your attorney could cross-

8  examine the witnesses for the Government, object to

9  evidence offered by the Government, offer evidence on

10 your behalf, and compel attendance of witnesses on your

11 behalf?

12         MR. PALTROW:  Yes, I do, Your Honor.

13         JUDGE GIBSON:  Do you understand that

14 in the course of the trial if you qualify as being

15 financially unable to pay witness fees to witnesses you

16 wish to call on your behalf, the Government would pay

17 those witness fees?

18         MR. PALTROW:  Yes, sir.

19         JUDGE GIBSON:  Do you understand that

20 at the trial you would have the right to testify if you

21 chose to do so?

22         MR. PALTROW:  Yes, I do.

23         JUDGE GIBSON:  Do you understand that

24 at the trial you also would have the right not to

25 testify and no inference or suggestion of guilt could

1  be drawn from the fact that you did not testify?

2          MR. PALTROW:  Yes, sir.

3          JUDGE GIBSON:  If you plead guilty and
4  the Court accepts your plea, do you understand that you
5  will waive your right to a trial and the other rights I
6  have just discussed, there will be no trial, and the
7  Court will enter a judgment of guilty and sentence you
8  on the basis of your guilty plea after conducting a
9  sentencing hearing?

10          MR. PALTROW:  I do, Your Honor.

11          JUDGE GIBSON:  If you plead guilty, do
12  you understand that you will also have to waive your
13  right not to incriminate yourself since I may ask you
14  questions about what you did in order to satisfy myself
15  that you are guilty as charged, and you will have to
16  acknowledge your guilt?

17          MR. PALTROW:  I do, Your Honor.

18          JUDGE GIBSON:  Do you understand that
19  the offenses to which you are pleading guilty are
20  felony offenses; that if your plea is accepted you will
21  be adjudged guilty of those offenses and that such
22  adjudication may deprive you of valuable civil rights
23  such as the right to vote, the right to hold public
24  office, the right to serve on a jury, and the right to
25  possess any kind of firearm?

1          MR. PALTROW:  I do, Your Honor.

2          JUDGE GIBSON:  Mr. Paltrow, having

3   discussed your rights with you do you still wish to

4   enter a plea of guilty as to Counts 1 and 2 of the

5   information?

6          MR. PALTROW:  Yes, I do, Your Honor.

7          JUDGE GIBSON:  Do you understand the

8   possible consequences of that plea?

9          MR. PALTROW:  Yes, I do, Your Honor.

10         JUDGE GIBSON:  Mr. Paltrow, your

11  sentence will be determined by a combination of

12  advisory sentencing guidelines, possible authorized

13  departures from those guidelines, and other statutory

14  sentencing factors, which will all be applied to the

15  specific circumstances of your case; do you understand

16  that?

17         MR. PALTROW:  Yes, Your Honor.

18         JUDGE GIBSON:  Do you understand that

19  this Court has the obligation to calculate the

20  applicable sentencing guideline range and to consider

21  that range, possible departures from the guidelines,

22  and sentencing factors set forth in 18 U.S.C. Section

23  3553(a)?

24         MR. PALTROW:  Yes, I do, Your Honor.

25         JUDGE GIBSON:  Have you and your

attorney discussed how the sentencing guidelines might apply in your case?

MR. PALTROW:  Yes, we have, Your Honor.

JUDGE GIBSON:  Do you understand that after it has been determined what guidelines apply to your case the sentencing judge has the authority not to apply those guidelines but may impose a sentence that is more severe or less severe than that called for by the guidelines as long as the sentence is permitted by statute?

MR. PALTROW:  Yes, Your Honor.

JUDGE GIBSON:  Subject to the waivers of appeal rights in the plea agreement which we discussed previously, do you understand that you or the Government may have the right to appeal any sentence that the Court may impose?

MR. PALTROW:  Yes, Your Honor.

JUDGE GIBSON:  Do you understand that parole has been abolished under the guidelines and if you are sentenced to prison you will not be eligible for parole?

MR. PALTROW:  I do now, yes, Your Honor.

JUDGE GIBSON:  Do you wish to discuss that with your attorney?

1    MR. PALTROW:  No, sir.

2    JUDGE GIBSON:  You understand?

3    ATTORNEY SHEPPARD:  Your Honor, may we

4 have one moment?

5    JUDGE GIBSON:  Yes.

6 (DEFENDANT CONSULTS WITH COUNSEL)

7    ATTORNEY SHEPPARD:  Thank you, Your

8 Honor.

9    JUDGE GIBSON:  Do you have any

10 questions about that, Mr. Paltrow?

11    MR. PALTROW:  No, sir.

12    JUDGE GIBSON:  I'll ask you that

13 question again, just to be certain that your answer is

14 on the record.  Do you understand that parole has been

15 abolished under the guidelines and if you are sentenced

16 to prison you will not be eligible for parole?

17    MR. PALTROW:  I do, Your Honor.

18    JUDGE GIBSON:  Do you understand that

19 if the sentence imposed is more severe than you

20 expected you will still be bound by your plea and will

21 have no right to withdraw it?

22    MR. PALTROW:  I do, Your Honor.

23    JUDGE GIBSON:  The maximum penalties by

24 statute as to each of Counts 1 and 2 are the following.

25 A term of imprisonment of not more than three years; a

fine of $250,000 or twice the gross pecuniary gain,
whichever is larger; a term of supervised release of
not more than one year; the costs of prosecution; a
special assessment of $100; and restitution.  Since you
may be sentenced consecutively for each of these
counts, the aggregate maximum penalty is as set forth
in the plea agreement and is as follows.  A term of
imprisonment of not more than six years; a fine of
$500,000 or twice the gross pecuniary gain, whichever
is greater; a term of supervised release of not more
than one year; costs of prosecution; and special
assessment of $200; and restitution.  Do you understand
these maximum possible penalties permitted by statute?

         MR. PALTROW:  Yes, I do, Your Honor.

         JUDGE GIBSON:  Do you understand that
if you are sentenced to a term of imprisonment you may
be sentenced to a term of supervised release to follow
your term of imprisonment and if you violate the
conditions of supervised release the Court will then
revoke the supervised release, you would be re-
incarcerated and no credit would be given for the time
you previously served on the term of supervised
release?

         MR. PALTROW:  I do, Your Honor.

         JUDGE GIBSON:  In order for the United

States to obtain a conviction at Counts 1 and 2 for the crime of filing a false United States Individual Income Tax Return in violation of 26 U.S.C. Section 7206(1), the Government must prove all of the following essential elements beyond a reasonable doubt.  First, that the Defendant made or caused to be made and subscribed a United States Individual Income Tax Return for the year in question that was false as to a material matter.  Second, that the return contained a written declaration that it was made under the penalties of perjury.  Third, that the Defendant did not believe the return to be true and correct as to the material matter charged in the information.  And fourth, that the Defendant made or caused to be made and subscribed the return willfully with the specific intent to violate the law.  Do you understand those elements?

          MR. PALTROW:  Yes, I do.

          JUDGE GIBSON:  Have you discussed those elements with your attorney prior to coming to court today?

          MR. PALTROW:  I have, Your Honor.

          JUDGE GIBSON:  Mr. Paltrow, did you as charged in Count 1 of the information commit the crime of filing a false United States Individual Income Tax

Return on or about April 15, 2008 in violation of 26

U.S.C. Section 7206(1)?

MR. PALTROW: I did, Your Honor.

JUDGE GIBSON: Mr. Paltrow, did you as

charged in Count 2 of the information commit the crime

of filing a false United States Individual Income Tax

Return on or about April 15, 2009 in violation of 26

U.S.C. Section 7206(1)?

MR. PALTROW: I did, Your Honor.

JUDGE GIBSON: Mr. Valkovci, in

summary, what would be the Government's evidence at

trial as to the charges in the information?

ATTORNEY VALKOVCI: Your Honor, the

evidence presented at trial would be witness testimony

and documentary evidence that would establish that the

offenses charged in the information, the offenses to

which Mr. Paltrow pled guilty, stem from his

association as an officer, then as Vice President of

North American Communications, in which I'll refer to

here NAC. NAC is a multi-national corporation with its

corporate headquarters located in New York, and its

primary production facility located in Duncansville,

Pennsylvania.

NAC is a mass-mailing distributor, Your

Honor. In other words, the clients of NAC are entities

such as American Express or Citibank or other financial
institutions that desire mass mailings to be sent to a
wide variety of consumers.  Sometimes it's referred to
as junk mail, Your Honor.  In any event, these
individual companies contract with NAC.  NAC will then
prepare the product, stuff the envelopes, and actually
do the mailings.

Your Honor, Mr. Paltrow is the Vice
President of NAC responsible for developing, servicing,
and maintaining many of NAC's largest accounts.  He
supervised the sales and accounting staff.  He provided
price quotations and estimates for prospective jobs and
managed the employees.  As the evidence will establish,
Your Honor, during the course of his tenure with NAC,
he caused NAC to pay for a wide variety of personal
expenses that were incurred by him.  For instance, Your
Honor, Mr. Paltrow had two residences that he utilized
on a regular basis.  One was located in Palm Beach,
Florida and the other one was an apartment in
Manhattan, New York City, New York.  Both of these
residences were held in a limited partnership, Aspetong
Properties.

Mr. Paltrow and his daughters own 100-
percent of the partnership interest.  The Palm Beach
property had an accessed value of $5.1 million and the

New York residence had a book value in excess of $1

million.  I would note, Your Honor, that I believe the

New York property was sold in 2010 for over $2 million.

The rent on both of these properties was paid by NAC

while Mr. Paltrow enjoyed the benefits of residing at

these locations.  In addition, Your Honor, Mr. Paltrow

caused NAC to pay for in addition to his housing needs,

his personal, legal, and then medical care including

doctors, hospitals, prescription expenses.  Mr. Paltrow

also caused NAC to pay for American Express and Diners

Club Credit Card issued him from NAC.  These charges

incurred and paid by NAC included airline tickets,

travel, entertainment expenses for Mr. Paltrow's travel

to New Zealand, France, Colorado, and Canada among

other places and also included purchases of luxury

brand clothing, shoes, meals, and entertainment.

            As the Court is aware in a companion

case, another Vice President of NAC, Mr. Herman, also

submitted such documentation to NAC for payment for

travel, which was more extensive than Mr. Paltrow's.

However, in this case, Your Honor, Mr. Paltrow as an

officer of NAC acquired four vintage race cars with a

book value in excess of $600,000 with NAC funds and

caused NAC to pay for most of the expenses related to

these vintage race cars including entrance fees into

races, transportation of the race cars, maintenance of
the race cars and track support.  NAC also purchased
five luxury automobiles for Mr. Paltrow's personal use
and also paid for a housekeeper, luxury vacations, and
memberships in exclusive country clubs.

It is estimated, Your Honor, that NAC
paid to Mr. Paltrow in excess of $4.5 million in
personal benefits that were not claimed on his income
taxes.  As the evidence would also establish, Your
Honor, during the course of his tenure with NAC in 1991
NAC went through a restructuring and bankruptcy.  At
that time, Your Honor, Mr. Paltrow was President of NAC
as noted by the Bankruptcy Court Judge.  The
distinction in the minds between corporation and Mr.
Paltrow was blurry, perhaps even non-existent.  The
Court also acknowledged that Mr. Paltrow was not
required to provide any receipt in support of his
alleged travel and entertainment expenses.  Your Honor,
I offer that only and we would offer it only during the
course of trial, if this case went to trial, to
establish Mr. Paltrow's knowledge and his intent to
what he was doing.

As the information would further
establish, Your Honor, Mr. Paltrow filed an Individual
Income Tax Return 1040 for calendar year 2007 and 2008.

Each of those Form 1040s above the signature line had a
written declaration that any statements made on that
Form 1040 were being made under penalty of perjury.
When Mr. Paltrow caused --- I'm sorry, made or caused
to be made those two 1040 Forms, Your Honor, he
realized and knew and understood that they were not
completely true and accurate as to all material
matters.  For example, Your Honor, on his 1040
submitted for calendar year 2007, he stated that his
taxable income for that year was $101,401 and that he
only owed $45,114 in taxes whereas he well knew and
believed his taxable income for that year was
$3,104,943 on which he owed tax to the United States in
the amount of $481,623.

Similarly, Your Honor, when he filed
his Form 1040 for calendar year 2008, it contained
false statements which he believed were not completely
true and accurate as to all material matters.
Specifically, he listed his taxable income as $94,137
and that he owed $44,926 in taxes to the United States.
The evidence would establish that Mr. Paltrow then and
there well knew and believed that his taxable income
for 2008 was the sum of $1,878,142 on which he owed tax
to the United States in the amount of $317,436.

In addition, Your Honor, the evidence

1 would also establish that during the course of his

2 tenure with NAC Mr. Paltrow was responsible or

3 participated in sending money to a corporation in

4 Mexico known as Berthamex and that Mr. Paltrow was

5 involved in diverting approximately $1,000,000 to that

6 member Swiss bank account.  Again, he benefited from

7 that and failed to claim that on his income tax return.

8 Your Honor, that in sum would be the Government's

9 evidence in a general explanation.

10             JUDGE GIBSON:  Attorney Sheppard, are

11 you satisfied that the Government can, in fact, produce

12 the evidence just indicated by the Assistant United

13 Sates Attorney?

14             ATTORNEY SHEPPARD:  I am, Your Honor.

15             JUDGE GIBSON:  Are you satisfied that

16 the admissible part of that evidence would permit a

17 properly instructed jury to determine beyond a

18 reasonable doubt that the Defendant is guilty of the

19 crimes to which he intends to plead guilty?

20             ATTORNEY SHEPPARD:  I am, Your Honor.

21             JUDGE GIBSON:  Mr. Paltrow, you were

22 present when the Assistant United States Attorney

23 described the evidence he would produce if this matter

24 would proceed to trial.  Is there any respect in which

25 you disagree with what he said?

1          MR. PALTROW:  No, Your Honor.

2          JUDGE GIBSON:  Are Counts 1 and 2 of

3  the information true to your own personal knowledge?

4          MR. PALTROW:  Yes, Your Honor.

5          JUDGE GIBSON:  The Court finds that

6  there is a factual basis for the guilty plea to each of

7  Counts 1 and 2 charged in the information.  Mr.

8  Paltrow, do you still wish to enter a plea of guilty as

9  to the charges contained in Counts 1 and 2 of the

10 information?

11         MR. PALTROW:  Yes, I do, Your Honor.

12         JUDGE GIBSON:  Is this consistent with

13 your advice, Attorney Sheppard?

14         ATTORNEY SHEPPARD:  It is, Your Honor.

15         JUDGE GIBSON:  Mr. Paltrow, other than

16 the plea agreement which we discussed previously, has

17 anyone made any promises or assurances to you of any

18 kind in an effort to induce or persuade you to plead

19 guilty in this case?

20         MR. PALTROW:  No, Your Honor.

21         JUDGE GIBSON:  Has anyone attempted in

22 any way to force or coerce you to plead guilty in this

23 case?

24         MR. PALTROW:  No, Your Honor.

25         JUDGE GIBSON:  Are you pleading guilty

1  of your own free will because you are, in fact, guilty?

2          MR. PALTROW:  Yes, I am, Your Honor.

3          JUDGE GIBSON:  Mr. Paltrow, how do you

4  now plead to Count 1 of the information for the crime

5  of filing a false United States Individual Income Tax

6  Return on or about April 15, 2008 in violation of 26

7  U.S.C. Section 7206(1); guilty or not guilty?

8          MR. PALTROW:  Guilty, Your Honor.

9          JUDGE GIBSON:  Mr. Paltrow, how do you

10 now plead to Count 2 of the information for the crime

11 of filing a false United States Individual Income Tax

12 Return on or about April 15, 2009 in violation of 26

13 U.S.C. Section 7206(1); guilty or not guilty?

14         MR. PALTROW:  Guilty, Your Honor.

15         JUDGE GIBSON:  Mr. Paltrow, I have

16 observed you, your demeanor, and your attitude

17 throughout these proceedings, and I conclude that you

18 do not appear to be under the influence of any

19 substance that might affect your judgment.  Since you

20 acknowledge that you are, in fact, guilty as charged in

21 Counts 1 and 2 of the information, since I find that

22 you know of your right to a trial and the rights

23 associated with the right to a trial, since I further

24 find that you know the maximum possible punishment that

25 may be imposed if you are convicted, and since I find

1 that you have not been coerced but have voluntarily and

2 knowingly pleaded guilty to Counts 1 and 2 of the

3 information, I now accept your plea of guilty as

4 tendered.  It is the finding of the Court in the case

5 of United States versus Robert Paltrow, Criminal No.

6 14-09 that the Defendant is fully competent and capable

7 of entering an informed plea, that the Defendant is

8 aware of the nature of the charges and the consequences

9 of the plea, and that the entry of a guilty plea to

10 Counts 1 and 2 of the information is knowing and

11 voluntary and is supported by an independent basis in

12 fact containing each of the essential elements of the

13 offenses.  Accordingly, Mr. Paltrow and his Counsel,

14 Mr. Sheppard, are now directed to sign the plea form

15 provided by the Deputy Clerk, Ms. Gorgone.

16             ATTORNEY VALKOVCI:  Your Honor, at this

17 time, I would move for the admission of Government

18 Exhibit 2.

19             (Whereupon, the document was marked as

20 Government Exhibit No. 2 for identification.)

21             ATTORNEY VALKOVCI:  It's a copy of the

22 Special Agent's report.  As I said earlier in my

23 recitation of the provisions of the plea agreement, Mr.

24 Paltrow has agreed to the admission of this document

25 during the course of this proceeding.

1          JUDGE GIBSON:  Any objection?

2          ATTORNEY SHEPPARD:  No objection to the

3    admission of the Special Agent's report, Your Honor,

4    just the clarification and caveat that there are facts

5    in there that we may be disputing at sentencing, none

6    of which have to do with the plea today.

7          JUDGE GIBSON:  All right.  Government

8    Exhibit 2 is admitted.

9          (Whereupon, the document marked as

10   Government Exhibit No. 2 was received in evidence.)

11         ATTORNEY SHEPPARD:  May I approach,

12   Your Honor?

13         JUDGE GIBSON:  Yes.  The plea form has

14   been signed by Defendant and by his Counsel entering

15   the plea of guilty to both counts in this matter.  And

16   therefore, and it is accepted by the Court and the

17   Defendant is now adjudged guilty of the offenses

18   charged in Counts 1 and 2 of the information at

19   Criminal No. 14-09.

20         Mr. Paltrow, do you understand that

21   because the Court has accepted your guilty plea a pre-

22   sentence investigation report will be prepared in this

23   matter by the probation office?

24         MR. PALTROW:  Yes, I do, Your Honor.

25         JUDGE GIBSON:  If you look to your

1  right in the jury box, you'll see Mr. Johnston who is
2  the probation officer in this case, and if he has not
3  already done so I'm sure he will introduce himself to
4  you following this proceeding.  The Court observes at
5  Local Criminal Rule 32 governance of procedures to be
6  followed in connection with the pre-sentence
7  investigation report.  In summary, the United States
8  Probation Office is required to disclose the pre-
9  sentence investigation report to the Defendant and to
10 Counsel for the Defendant and the Government not less
11 than seven weeks before the date set for sentencing.
12 If any party disputes any fact material to sentencing
13 contained in the pre-sentence report or wants to have
14 included additional facts, it is the obligation of that
15 party to attempt to resolve the matter through a pre-
16 sentence conference with opposing Counsel and the
17 United States Probation Office.
18             After the pre-sentence conference and
19 not later than four weeks before sentencing, Counsel
20 for Defendant and the Government must file with the
21 Clerk of Court and serve upon opposing Counsel and the
22 United States Probation Office a pleading entitled
23 position with respect to sentencing factors.  A party
24 may file a response to the opposing party's position
25 with respect to sentencing factors no later than three

1  weeks prior to sentencing.  Prior to the sentencing
2  hearing, the Court shall notify the parties and the
3  probation office of the Court's tentative findings and
4  rulings to the extent practicable concerning disputed
5  facts or factors.  Reasonable opportunity shall be
6  provided to the parties prior to the imposition of
7  sentence for the submission of oral or written
8  objections to the Court's tentative findings and
9  rulings.

10        Mr. Paltrow, the Court wishes to inform
11  you that it is in your best interest to cooperate with
12  the probation officer in furnishing information for the
13  pre-sentence investigation report because that report
14  will be important in the Court's determination of your
15  sentence.  The disposition of sentencing is hereby set
16  for September 30, 2014 at 11:00 a.m. in this courtroom.
17  Do you understand that you're required to be present
18  for sentencing in this courtroom on September 30, 2014
19  at 11:00 a.m.?

20        MR. PALTROW:  I do, Your Honor.

21        JUDGE GIBSON:  I will now hear from the
22  United States with regard to the issue of detention
23  pending sentencing.

24        ATTORNEY VALKOVCI:  Your Honor, I would
25  concede that clear and convincing evidence exists to

1 establish that Mr. Paltrow is neither a risk for flight
2 nor a danger to any other person or to the community.
3 Accordingly, I would ask the Court to propose an
4 unsecured bond in the amount of $50,000.
5            JUDGE GIBSON:  The Court finds by clear
6 and convincing evidence that the Defendant is not
7 likely to flee or impose a danger to the safety of any
8 other person or the community if released.
9 Accordingly, the Defendant shall be released on a
10 $50,000 unsecured bond, which will be prepared by the
11 Court.  The Defendant is advised that he will need to
12 remain with his Counsel while the bond is prepared and
13 also for processing.  The bond once prepared will be
14 provided to the United States for review and the
15 Defendant and his Counsel for review, and after the
16 Defendant has executed that bond the Court will sign
17 the bond and then the Defendant will be released on
18 that bond.
19            ATTORNEY SHEPPARD:  Thank you, Your
20 Honor.
21            JUDGE GIBSON:  Anything further from
22 either the Defendant or the United States?
23            ATTORNEY VALKOVCI:  Nothing from the
24 Government.  Thank you, Your Honor.
25            ATTORNEY SHEPPARD:  Nothing from the

1  Defense, Your Honor.

2              JUDGE GIBSON:  All right.  Thank you.

3  We will be in recess until call of court.

4              ATTORNEY SHEPPARD:  Thank you, Your

5  Honor.

6              DEPUTY CLERK GORGONE:  All rise.  Court

7  is in recess.

8

9                          *   *   *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      C E R T I F I C A T E

2           I hereby certify, as the stenographic reporter,

3    that the foregoing proceedings were taken

4    stenographically by me, and thereafter reduced to

5    typewriting by me or under my direction; and that this

6    transcript is a true and accurate record to the best of

7    my ability.

8

9           By:_____

10                    Lynne M. Faint

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25